UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID CZAPIEWSKI,

                          Plaintiff,

        v.                                              Case No. 25-cv-193-pp

SHANE GARLAND,

                          Defendant.

**ORDER DENYING AS MOOT PLAINTIFF'S FIRST MOTION FOR LEAVE TO FILE SEVENTH AMENDED COMPLAINT (DKT. NO. 63), DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER (DKT. NO. 64), DENYING AS MOOT DEFENDANT'S MOTION FOR ORDER DISMISSING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (DKT. NO. 66), GRANTING PLAINTIFF'S SECOND MOTION FOR LEAVE FILE SEVENTH AMENDED COMPLAINT (DKT. NO. 67) AND SCREENING PROPOSED SEVENTH AMENDED COMPLAINT (DKT. NO. 67-1)**

On December 29, 2025, the court granted the plaintiff's motion for leave to file his sixth amended complaint. Dkt. No. 53 at 3. The court allowed the plaintiff to proceed on an Eighth Amendment claim against defendants Kawalski and Garland for allegedly not timely providing the plaintiff with his monthly Abilify injection. Id. at 7. And the court exercised supplemental jurisdiction over the plaintiff's state law negligence claims against both defendants. Id. This order addresses the plaintiff's motions to file a seventh amended complaint, dkt. nos. 63, 67, his motion for a preliminary injunction and a temporary restraining order, dkt. no. 64, and the defendant's motion for an order dismissing the plaintiff's motion for a preliminary injunction and a temporary restraining order, dkt. no. 66.

1

## I.    Motions for Leave to Amend (Dkt. Nos. 60, 67)

After the court allowed the plaintiff to proceed on his sixth amended complaint, the parties filed a joint motion to dismiss defendant Kawalski. Dkt. No. 60. On February 18, 2026, the court received from the plaintiff his first motion for leave to amend the complaint for the seventh time, dkt. no. 63; in that motion, he says that he wants to add as a defendant Travis Robinson, who allegedly improperly induced Kawalski to believe that the plaintiff refused his Abilify injection so that the plaintiff would miss it, dkt. no. 63 at ¶¶1, 8. The plaintiff also says that he has new theories of liability against defendant Garland. Id. at ¶2. Less than a month later, on March 9, 2026, the court received from the plaintiff a second motion for leave to amend the complaint for the seventh time, which is identical to the motion the court received on February 18. Dkt. No. 67. The proposed amended complaints also are identical, except for the date on which the plaintiff signed the pleadings. Dkt. Nos. 63-1, 67-1. The court will deny the first motion as moot (Dkt. No. 63) and will grant the second motion (Dkt. No. 67).

In his proposed seventh amended complaint, the plaintiff sues Shane Garland and Travis Robinson. Dkt. No. 67-1 at 1. He alleges that on October 9, 2024, Robinson denied him his monthly Abilify injection, which he receives for his schizoaffective and anxiety disorders. Id. at ¶¶9-12. The plaintiff also alleges that Robinson falsely reported that the plaintiff had refused his Abilify injection, which caused a three-week delay in the plaintiff receiving the medication. Id. at ¶13. The plaintiff alleges that on October 30, 2024, he received the full dose of his injection without titration. Id. at ¶16.

The plaintiff alleges that he wrote numerous requests to the health services manager, but that these requests never were answered. Id. at ¶17. He

2

says that when he was untreated and after the failure to titrate, he suffered the following injuries: "Paranoia, loss of appetite due to paranoia, Audio and visual perceptual hallucinations, anxiety attacks, withdrawal symptoms in the form of head-aches and profuse sweating; all of the above caused [the plaintiff] to hit the wall and head butt the door and swollen-bloody knuckles and head strapped down in chair and possibly induced [him] to get criminal charges on November 5, 20024." Id. at ¶18. Garland allegedly failed to monitor the plaintiff's care plan, assist in communication and ensure the records were correct. Id.

The plaintiff claims that the defendants were deliberately indifferent to his serious medical needs. Id. at ¶¶23-24. He seeks declaratory, injunctive relief and monetary damages. Id. at 4-5.

The court will allow the plaintiff to proceed on his Eighth Amendment claims against Garland and Robinson. He also may proceed on a state law negligence claim against both defendants. The court will order service of the seventh amended complaint on defendant Robinson. ***The court advises the plaintiff that the court will not grant any further requests to amend the complaint.***

## II. Motion for Preliminary Injunction and TRO (Dkt. Nos. 64, 66)

The plaintiff states that he continues to suffer irreparable harm similar to the claims he raised in the seventh amended complaint. Dkt. No. 64 at ¶1. He says that he has been diagnosed with schizoaffective disorder and prescribed Latuda to be administered daily at 8:00 p.m. Id. at ¶2. On February 24, 2026, he notified an officer and sergeant at Green Bay Correctional Institution that he was out of his Latuda. Id. at ¶3. He says that Officer Heinerson and the sergeant notified the health services unit that the plaintiff

3

was out of medication, but that the medication was not provided. Id. Not receiving his psychotropic medication allegedly caused the plaintiff to have hallucinations and made the plaintiff harm himself. Id. The plaintiff also states that staff did not give him his pain medication, which caused excruciating pain and suicidal ideation and induced him to harm himself. Id. at ¶4. He asks to move to another facility better equipped to manage his mental health. Id. at ¶8.

The Supreme Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). To obtain a preliminary injunction, a plaintiff must show that (1) he has some likelihood of success on the merits; (2) traditional legal remedies would be inadequate; and (3) he will likely suffer irreparable harm in the absence of preliminary relief. Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020). "If a plaintiff makes such a showing, the court proceeds to a balancing analysis, where the court must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." Id. (citing Courthouse News Serv. v. Brown, 908 F.3d 1063, 1068 (7th Cir. 2018)). The balancing analysis involves a "'sliding scale' approach: the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." Id. (citing Ty, Inc. v. Jones Grp., Inc., 237 F.3d 891, 895 (7th Cir. 2001)).

The purpose of a preliminary injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." Faheem-El v. Klincar, 841 F.2d 712, 717 (7th Cir. 1988). "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed

4

in the party's motion and the conduct asserted in the complaint." <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994) (citing <u>Penn v. San Juan Hosp., Inc.</u>, 528 F.2d 1181, 1185 (10th Cir. 1975)).

This is the plaintiff's third motion for injunctive relief asking the court to transfer him to a new institution. The events he described in this most recent motion do not appear to involve the defendants. And although his allegations relate to medication, his claim in *this case* is based on a one-time denial of his monthly Abilify injection in October 2024. The plaintiff's assertion in his motion for injunctive relief that nursing staff recently failed to refill his Latuda prescription is not sufficiently related to his underlying claim and does not warrant injunctive relief. The court will deny the plaintiff's motion for a preliminary injunction and a temporary restraining order. This means that the defendants' motion to dismiss the plaintiff's motion for injunctive relief, dkt. no. 66, is moot and the court will deny it.

## III. Conclusion

The court **DENIES AS MOOT** the plaintiff's first motion for leave to amend the complaint for the seventh time. Dkt. No. 63.

The court **DENIES** the plaintiff's motions for a preliminary injunction and a temporary restraining order. Dkt. No. 64.

The court **DENIES AS MOOT** the defendants' motion to dismiss the plaintiff's motions for injunctive relief. Dkt. No. 66.

The court **GRANTS** the plaintiff's motion for leave to amend the complaint for the seventh time. Dkt. No. 67. The court **DIRECTS** the clerk's office to separately docket the proposed seventh amended complaint at Dkt. No. 67-1; this will be the operative complaint going forward. ***As noted, the court will not grant any further requests to amend the complaint.***

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the seventh amended complaint and this order to the Wisconsin Department of Justice for service on defendant Travis Robinson. Under the informal service agreement, the court **ORDERS** the defendants to file a responsive pleading to the sixth amended complaint within sixty (60) days.

Dated in Milwaukee, Wisconsin this 23rd day of March, 2026.

<div style="margin-left:45%">

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

</div>

6