UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID CZAPIEWSKI,

　　　　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　Case No. 25-cv-193-pp

SHANE GARLAND
and TRAVIS ROBINSON,

　　　　　　　　Defendants.

---

**ORDER DENYING PLAINTIFF'S FOURTH MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER (DKT. NO. 78) AND DENYING PLAINTIFF'S MOTION FOR STATUS CONFERENCE (DKT. NO. 83)**

---

On March 23, 2026, the court screened the plaintiff's seventh amended complaint and allowed him to proceed on Eighth Amendment medical care and Wisconsin state law negligence claims against defendants Shane Garland and Travis Robinson. Dkt. No. 69 at 3. This order addresses the plaintiff's fourth motion for preliminary injunction or temporary restraining order, dkt. no. 78, and his motion for a status conference, dkt. no. 83.

**I.　Motion for Preliminary Injunction or Temporary Restraining Order (Dkt. No. 78)**

The plaintiff states that he moves for injunctive relief against defendant Garland. Dkt. No. 78 at 1. He asserts that on May 8, 2026, the day after his Abilify injection was due, he notified Nurse Steve and Captain Rowdy that his injection was late, and they said they would contact Health Services Manager Garland. Id. at ¶¶1-2. The plaintiff maintains that he is suffering "continued irreparable harm since [his] injection has been late, because [he] is suffering

1

psychotic symptomologies." Id. at ¶3. Garland allegedly has not responded to the plaintiff's serious medical need. Id. at ¶4. The plaintiff asks to be transferred to another prison that can better treat his mental illness. Id. at ¶5.

The defendants respond that the court should deny the plaintiff's motion. Dkt. No. 80 at 1. They state that the plaintiff has failed to demonstrate any of the elements required to show that he is entitled to preliminary injunctive relief, and that his motion does not include medical evidence supporting his assertion that he did not receive his Abilify shot on the date it was due. Id. at 3. The defendants also assert that because discovery has not yet opened, they have not yet been able to review the plaintiff's medical records to provide a further substantive response. Id. (On May 22, 2026, the day after the defendants filed their response, the court issued a scheduling order setting a deadline of November 6, 2026 for the parties to complete discovery. Dkt. No. 81.) Finally, the defendants argue that the plaintiff's motion is irrelevant to his claim in this lawsuit. Dkt. No. 80 at 3-4.

The Supreme Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). To obtain a preliminary injunction, a plaintiff must show that: (1) he has some likelihood of success on the merits; (2) traditional legal remedies would be inadequate; and (3) he will likely suffer irreparable harm in the absence of preliminary relief. Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020). "If a

2

plaintiff makes such a showing, the court proceeds to a balancing analysis, where the court must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." Id. at 818 (citing Courthouse News Serv. v. Brown, 908 F.3d 1063, 1068 (7th Cir. 2018)). The balancing analysis involves a "'sliding scale' approach: the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." Mays, 974 F.3d at 818 (citing Ty, Inc. v. Jones Grp., Inc., 237 F.3d 891, 895 (7th Cir. 2001)).

Because the plaintiff is incarcerated, the scope of the court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). See Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); see also Westefer, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted)).

The court allowed the plaintiff to proceed on Eighth Amendment and state law claims based on allegations that on October 9, 2024, defendant Robinson denied the plaintiff his monthly Abilify injection, which the plaintiff receives for his schizoaffective and anxiety disorders, and falsely reported that

3

the plaintiff had refused the injection, which resulted in a three-week delay in the plaintiff receiving the medication. Dkt. No. 69 at 2-3. The plaintiff allegedly wrote numerous requests regarding his medication and Garland failed to monitor the plaintiff's care plan, assist in communication and ensure the records were correct. Id.

The plaintiff's motion for preliminary injunction or temporary restraining order does not address the question of whether the plaintiff is likely to succeed on the merits of his claim, nor has the plaintiff established that he is likely to succeed on those merits. His motion is dated May 9, 2026, and it discusses an Abilify injection that he says was due on May 7, 2026—only two days earlier, and nineteen months *after* the alleged denied injection that forms the basis of this lawsuit. The issue the plaintiff raises in his motion—that on May 8, 2026, he told staff that his Abilify medication was one day late, and they said they would notify defendant Garland—does not warrant the injunctive relief the plaintiff requests (transfer to another institution). As best the court can tell, the plaintiff is trying to assert through various motions that he has an ongoing problem with receiving mental health care at Green Bay Correctional Institution, where he is currently incarcerated. He seeks to be moved to another institution where he thinks he will get better mental health care. But allegations about events that occurred in the summer of 2026 are not sufficiently related to the plaintiff's underlying claim (about an event that occurred in the fall of 2024) to warrant injunctive relief. See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (holding that "a party

4

moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

The plaintiff has not established that he is entitled to injunctive relief. The court will deny his motion for preliminary injunction or temporary restraining order.

## II. Plaintiff's Motion for Status Conference (Dkt. No. 83)

The plaintiff seeks a telephone conference so that the parties can discuss whether they can settle this and other cases the plaintiff has filed and whether the parties can agree to a preliminary injunction. Dkt. No. 83 at 1-2. The plaintiff also says he wants to make sure that the defendants' lawyer is receiving his mail. Id. at 2.

There is no need for a status conference. The parties may discuss the issues raised in the plaintiff's motion without the court's involvement. If both parties want to participate in a settlement conference, they should notify the court. The court has no reason to believe that the defendants' lawyer is not receiving the plaintiff's mail (especially because the defendants responded to the plaintiff's motion for injunctive relief). The court will deny the plaintiff's motion.

## III. Conclusion

The court **DENIES** the plaintiff's motion for preliminary injunction or temporary restraining order. Dkt. No. 78.

The court **DENIES** the plaintiff's motion for status conference. Dkt. No. 83.

Dated in Milwaukee, Wisconsin this 10th day of July, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

Case 2:25-cv-00193-PP    Filed 07/10/26    Page 6 of 6    Document 85