UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAVID CZAPIEWSKI,

Plaintiff,

v. Case No. 25-cv-193-pp

SHANE GARLAND and TRAVIS ROBINSON,

Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 86), DENYING AS MOOT PLAINTIFF'S MOTION TO FILE SUR-REPLY (DKT. NO. 102) AND GRANTING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE (DKT. NO. 103)**

---

Plaintiff David Czapiewski, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed this case alleging violations of his rights under federal and state law. On March 23, 2026, the court screened the plaintiff's seventh amended complaint and allowed him to proceed on Eighth Amendment medical care and Wisconsin state law negligence claims against defendants Shane Garland and Travis Robinson. Dkt. No. 69 at 3. Specifically, the court allowed the plaintiff to proceed on claims based on allegations that on October 9, 2024, Robinson denied the plaintiff his monthly Abilify injection, which the plaintiff receives for his schizoaffective and anxiety disorders, and falsely reported that the plaintiff had refused the injection, which resulted in a three-week delay in the plaintiff receiving the medication and that, despite numerous requests regarding his medication, Garland failed to monitor the plaintiff's care plan, assist in communication and ensure the records were

correct. Id. at 2-3. This decision addresses the defendants' motion for partial summary judgment on exhaustion grounds, dkt. no. 86, the plaintiff's motion for leave to file a sur-reply, dkt. no. 102, and the plaintiff's motion for extension of time for discovery, dkt. no. 103.

## I. Defendants' Motion for Partial Summary Judgment on Exhaustion Grounds (Dkt. No. 86)

### A. Facts[1]

The plaintiff submitted one inmate complaint potentially relevant to his claims in this case—GBCI-2024-15977. Dkt. No. 88 at ¶¶2-3, 8. The institution complaint examiner (ICE) received the complaint on October 30, 2024. Id. at ¶3. The plaintiff raised the following issue in that complaint: "I was not given my Abilify injection and I have been banging my head and fists. I want my [ ] shot." Dkt. No. 89-2 at 10. The complaint includes the following details surrounding that issue:

> I have been hallucinating and it has made me bang my head and fists on the wall hard. I hear my Dad say I am a pure unadulterated blabbering idiot and I see my daughter's mother dead on the toilet with a needle in her arm. My fists and head were swollen [ ]. This has made me harm myself but I no longer want to. I told Tayson (PSU) I am hearing shit and I need my shot.
>
> I found out today why I have been hurting myself and hallucinating because I didn't get my shot of Abilify [ ] inj 88 mg I believe. They brought me to HSU but didn't give me shot. Help!!!

Id. at 10, 12.

The ICE recommended affirming the complaint, writing:

[1] The court includes only material, properly supported facts in this section. See Fed. R. Civ. P. 56(c).

> When review of medication log, AHSM Garland noted that the shot version of the medication is to be provided once every 4 weeks. Complainant's last injection was 9/11/24 followed by the next injection which was 10/30/2024. Such time range is greater than four weeks. AHSM Garland noted that complainant has shown evidence of refusing the oral version of medication in question which was mentioned in complaint as Abilify. Citing the difference in time between 9/11/24 and 10/30/24, it was recommended that this complaint be affirmed.

Id. at ¶4. The reviewing authority affirmed GBCI-2024-5977. Id. at ¶5. On appeal, the corrections complaint examiner (CCE) recommended affirming the complaint and on January 6, 2025, the complaint was affirmed. Id. at ¶6.

B. Discussion

1. *Summary Judgment Standard*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be, or is, genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of

> the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

2. *Analysis*

The defendants contend that the plaintiff failed to exhaust his administrative remedies regarding allegation that Robinson falsely reported that the plaintiff had refused his October 2024 Abilify injection. Dkt. No. 87 at 3. According to the defendants, the plaintiff did not put the prison on notice of his deliberate indifference and negligence claims related to the alleged false reporting of missed medication because complaint GBCI-2024-15977 did not address the plaintiff's complaint that his medication was delayed due to Robinson's false report that he had refused the injection. Id. at 8. The defendants state that as a result, the institution never was given the opportunity to investigate this specific issue. Id. at 8-9. They conclude that the deliberate indifference and state law negligence claims regarding Robinson's alleged false reporting—which caused a three-week delay in the plaintiff receiving his medication—must be dismissed. Id. at 9.

The plaintiff responds[2] that "general exhaustion" in GBCI-2024-15977 was sufficient on the missed dose of medication and, alternatively, that prison staff prevented him from exhausting by using affirmative misconduct to make exhaustion unavailable. Dkt. No. 96 at 7. The plaintiff avers that when he exhausted his administrative remedies regarding the October 9, 2024 denial of his Abilify injection, he didn't know that Robinson had falsely reported or induced nursing staff to not administer the injection because other prison officials—Rachel Matushak, Joseph Kawalski, Amy Potapanko—falsely told him that the injection was "scheduled wrong or late[.]" Dkt. No. 96 at 4-5; Dkt. No. 99 at ¶¶2-4. The plaintiff avers that he didn't find out that Robinson had refused to give him his Abilify injection until January 5, 2026, when he received a letter from Vincent Scipior, former defendant Joseph Kowalski's, attorney. Dkt. No. 99 at ¶5. The letter to the plaintiff states in part, "I am sending you the page from your Medication Administration Record (MAR) which shows that the October 9, 2024 Abilify (aripiprazole) injection was marked 'refused' by CO Travis Robinson at 11:29 a.m. on October 9, 2024." Dkt. No. 99-1 at 13. The plaintiff asserts that he exhausted all available administrative remedies and that he could not exhaust what he did not know at the time he

[2] On August 7, 2026, the court received the plaintiff's first response to the defendants' motion for summary judgment. See Dkt. Nos. 91-94. The documents were illegible and the clerk of court requested legible copies from the plaintiff. Dkt. No. 95. The court received two sets of legible copies. The first set, received on September 1, 2026, was docketed in place of the original illegible set. Dkt. Nos. 91-94. The second set, received on September 3, 2026, was docketed separately. Dkt. Nos. 96-99. The two sets are nearly identical, but the court will cite the second set, which contains slightly more information than the first.

filed his complaint. Dkt. No. 96 at 5. He states that Robinson gave him his other medication, but intentionally refused the plaintiff's Abilify injection, causing the plaintiff to decompensate. Id. at 6.

The defendants filed a reply in which they contend that the plaintiff did not exhaust his administrative remedies regarding his claim against Robinson. Dkt. No. 100 at 5. The defendants do not address the plaintiff's contention that his general complaint that he was not given his Abilify injection on October 9, 2024 serves to exhaust his claim against Robinson for failing to give him his injection that day.

The Prison Litigation Reform Act (PLRA) provides that an incarcerated individual cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an incarcerated person comply with the rules applicable to the grievance process at his institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The objective of §1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (quoting Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). The

Seventh Circuit applies a "strict compliance approach to exhaustion" and expects incarcerated individuals to adhere to "the specific procedures and deadlines" established by the institution's policy. Dole, 438 F.3d at 809; see also Hernandez v. Dart, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). Because exhaustion is an affirmative defense, the defendant bears the burden of proving that the plaintiff failed to exhaust. Pavey v. Conley, 544 F.3d 739, 740-41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)).

The Inmate Complaint Review System (ICRS) within the Wisconsin prisons is the administrative remedy available to incarcerated individuals with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code §DOC 310.01(2)(a). Before an incarcerated person may commence a civil action, he must exhaust all administrative remedies that the Department of Corrections (DOC) has promulgated by rule. Wis. Admin. Code §DOC 310.05. The ICRS is available for incarcerated individuals to "raise issues regarding policies, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code §DOC 310.06(1).

To use the ICRS, an incarcerated person must file a complaint with the ICE within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code §DOC 310.07(2). Complaints submitted later than fourteen days after the event may be accepted for good cause. Id. The ICE shall accept, return or reject a complaint. Wis. Admin. Code §DOC 310.10(2). After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority," who may

recommend that the complaint be affirmed or dismissed in whole or in part. Wis. Admin. Code §§DOC 310.10(9) & 310.10(12). Within fourteen days after the date of the decision, an incarcerated individual may appeal the reviewing authority decision to the CCE. Wis. Admin. Code §DOC 310.09(1). The CCE reviews the appeal and makes a recommendation to the Secretary of the DOC. Wis. Admin. Code §DOC 310.12(9). The Secretary affirms or dismisses the CCE's recommendation, or returns the appeal to the CCE for further investigation. Wis. Admin. Code §DOC 310.13(2).

"The PLRA exhaustion requirement ensures that 'a prison has received notice of, and an opportunity to correct, a problem' before being drawn into litigation." Jackson v. Esser, 105 F.4th 948, 958-59 (7th Cir. 2024) (quoting Turley v. Rednour, 729 F.3d 645, 650 (7th Cir. 2013)). Assuming that an incarcerated individual has taken all the administrative steps, his "complaint will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'" Id. at 959 (quoting Schillinger v. Kiley, 954 F.3d 90, 995 (7th Cir. 2020)). To exhaust under Wisconsin's prison rules, inmate complaints must "[c]ontain only one issue per complaint, and shall clearly identify the issue." Wis. Admin. Code. §DOC 310.09(1)(e).

The plaintiff has sued the defendants based on the fact that he did not receive his monthly Abilify injection on October 9, 2024. He alleges that Robinson denied him his injection that day. It is undisputed that the plaintiff submitted one inmate complaint, GBCI-2024-15977, raising the issue that he

was not given his Abilify injection on October 9, 2024. Although the plaintiff later learned that Robinson denied him his injection by allegedly reporting that the plaintiff had refused it, that detail is not a separate issue or a separate claim. In any event, the ICE who investigated the plaintiff's complaint mentions that there had been reports of the plaintiff refusing his medication. Complaint GBCI-2024-15977 does not name Robinson, but the plaintiff was not required to do so as long as his complaint contained "enough information about who caused the grieved of problem so that a prison can properly 'investigate and resolve grievances.'" Jackson, 105 F.4th at 960; see also Jones v. Bock, 549 U.S. 199, 217 (2007) ("[N]othing in the [PLRA] imposes a 'name all defendants' requirement.").

The complaint notified prison officials that the plaintiff did not receive his Abilify injection. The plaintiff exhausted his claims against Robinson and the court will deny the defendants' motion for summary judgment on exhaustion grounds.[3]

## II. Plaintiff's Motion for Extension of Time

On September 25, 2026, the plaintiff filed a motion for extension of time to complete discovery. Dkt. No. 103. The court will grant the plaintiff's motion and set new deadlines for the parties to complete discovery and to file motions for summary judgment on the merits.

[3] On September 18, 2026, the plaintiff filed a motion to file a sur-reply. Dkt. No. 102. Because the court has denied the defendants' motion for summary judgment, a sur-reply is unnecessary. The court will deny the plaintiff's motion as moot.

## III. Conclusion

The court **DENIES** the defendants' motion for partial summary judgment on exhaustion grounds. Dkt. No. 86.

The court **DENIES AS MOOT** the plaintiff's motion for leave to file sur-reply. Dkt. No. 102.

The court **GRANTS** the plaintiff's motion for extension of time to complete discovery. Dkt. No. 103.

The court **VACATES** the pending deadlines set in the May 22, 2026 scheduling order. Dkt. No. 81. The court **ORDERS** that the deadline for the parties to complete discovery is **January 18, 2027** and the deadline for the parties to file motions for summary judgment on the merits is **February 16, 2027**.

Dated in Milwaukee, Wisconsin this 19th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**